**BAUTE CROCHETIERE & WANG LLP**
MARK D. BAUTE, ESQ. - **SBN 127329**
mbaute@bautelaw.com
SEAN A. ANDRADE, ESQ. - **SBN 223591**
sandrade@bautelaw.com
LAURA E. ROBBINS, ESQ. - **SBN 234652**
lrobbins@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017

Telephone: (213) 630-5000
Facsimile: (213) 683-1225

*Attorneys for Defendant*
GROUP E, LTD. and STEIN MART, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEIN MART, INC., a Florida Corporation; JESSE APPAREL, LLC, a New Jersey Limited Liability Company; GROUP E, LTD., a California Corporation; VALUE VILLAGE STORES, INC., a Washington Corporation; SUZY'S INC., a Canadian Corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | **CASE NO. CV12-02590 ABC (RZx)**<br>[Assigned for all purposes to the Honorable Judge Audrey B. Collins and Honorable Ralph Zarefsky]<br><br>~~[PROPOSED]~~ **ORDER GRANTING PARTIES' JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

150043.1

Upon stipulation of the parties for a protection order pursuant to Fed. R. Civ. P. 26(c) governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial financial or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION"),

**IT IS HEREBY ORDERED THAT:**

1. **Framework and scope of order**.

    (a) This order governs all discovery in this action, court filings, and all material which a producing party has designated as confidential in this action;

    (b) All material produced during discovery in this action, whether in documents, depositions, or otherwise, will be used solely for the purposes of this action and not for any other purpose, including any business purpose, and will not be used or disclosed outside the context of this action; however, the parties contemplate a separate agreement regarding the use of such material in any action with which this action may be consolidated, or in any action involving related claims or defenses, so as to minimize or eliminate duplicative discovery;

    (c) Any person receiving confidential material shall not disclose that material to any person, except a person authorized to receive the material pursuant to this order, and shall make such disclosure only in strict compliance with this order;

    (d) Any person providing its confidential material retains the right to disclose the material by waiving the restrictions in this order for a particular purpose or use; and

    (e) The use of any confidential material for the purpose of any hearing or trial which is open to the public is not addressed in this order, and will be the subject of future agreement or Court order as the need may arise and the Court may decide.

2. **Definition of Confidential Material.** This Protective Order shall govern, and shall be applied on a narrowly-tailored basis to protect, only documents,

materials, items or information that materially that contains (i) sensitive data on costs and revenues for the products alleged in the Complaint; (ii) sensitive data on other costs and revenues; (iii) sensitive information on sales volume; (iv) sensitive information on business practices and procedures in acquiring designs; and (v) sensitive information on business practices involved in producing, marketing and distributing garments to be sold at retail.  ~~consist of information that is entitled to confidential treatment under existing California law (hereinafter "confidential material"), such as trade secrets defined by California Civil Code § 3426.1, financial information, personal information implicated or otherwise protected by article I, section 1 of the California Constitution, or information submitted to a governmental office but subject to a public policy of confidentiality.  For the purpose of this order, "confidential material" means any information of any kind which is designated as confidential in the manner specified in this order by the party supplying the information, and all copies of such designated material.~~  Confidential material may be contained in documents produced, testimony in depositions, exhibits, interrogatory answers, responses to requests for admissions, briefs, or otherwise.  Confidential material under this order consists of two categories, "Confidential Information," and "Attorneys Only Information." Any materials which reproduce, paraphrase, summarize, or otherwise contain confidential material are also confidential in the same category as the original material.  "Attorneys Only Information" is information which, if disclosed to the receiving party, might cause competitive harm to the designating party including, but not limited to, technical and/or research and development data, intellectual property, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the designating party's trade or business.  The designation of "Attorneys Only Information" is intended to apply only to information that is not adequately protected by a "Confidential" designation because the receiving party could reasonably gain an unfair competitive advantage from the use of such information.  Before designating

any specific information "Attorneys Only Information," the designating party's counsel shall make a good faith determination that the information warrants such protection.

     **3.**     **Authorized Persons.** Except for the rights retained in paragraph 1(d) above, access to Confidential Information is restricted to the following authorized persons, and access to Attorneys Only Information is restricted to the persons described in this Paragraph 3, subdivisions 3(a) and 3(c)-(f), inclusive:

     (a)     Attorneys of record (including attorneys designated in pleadings as "of counsel") in this lawsuit and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

     (b)     The individual parties and as to corporate parties the managing agents who are involved in this lawsuit;

     (c)     Independent persons retained by a party or its attorneys of record in this action to assist in the preparation of this action for trial (such as independent experts, economists, accountants, expert witnesses and other consultants, and the necessarily involved employees of such persons);

     (d)     This Court and its employees;

     (e)     Court reporters transcribing testimony taken in this action and notarizing officers; and

     (f)     As to any document containing confidential material, the person who generated the material or authored the document or was an addressee of the document is an authorized person which respect to that document in the context of deposition testimony or interrogatories addressed to that party.

     **4.**     **Designating Confidential Material.** Each document which contains confidential material in the "Attorneys Only Information" category shall be prominently marked with the designation "Attorneys Only Information" or a similar designation. All other documents containing confidential material shall be marked prominently "Confidential Information" or "Confidential". The markings apply to

documents produced, exhibits, discovery requests and responses, motion papers, and all other documents which reproduce, paraphrase, summarize, or otherwise contain confidential material.

**5. Depositions.** Counsel for any party or for a witness may orally on the record designate deposition testimony or exhibits as confidential material during the course of a deposition. All depositions shall be treated in their entirety as Attorneys Only Information for a period of 21 days after receipt of the transcript. During that 21-day period, counsel for any party or for a witness may designate portions of the deposition as Attorneys Only Information or Confidential Information by listing the page and lines of those portions so considered and advising all counsel of record of that designation. Any deposition exhibit or testimony portion so designated shall not be filed with the court except in accordance with paragraph 6 of this order. The parties contemplate a further order to address the issue of examining a deposition witness with respect to documents or information within the scope of this order.

**6. Filing Confidential Material With the Court.** Any party seeking to file documents under seal with the court shall comply with the provisions of Local Rule 79-5.1.

**7. Authorized Person Acknowledgment.** Before disclosing confidential material to any authorized person, except to an attorney of record, this Court and its employees or the Court reporters transcribing testimony taken in this action and notarizing officers, counsel for the party making such disclosure shall provide each such person with a copy of this order, shall advise each such person not to disclose any Attorneys Only Information or Confidential Information material to any other person and that violation of this protective order will subject such person to the sanctions of this court, and each such person shall agree in writing to comply with the terms of this order in the form of Exhibit A to this order. For example, a court reporter must sign such an acknowledgment before taking a deposition. The original acknowledgments shall be maintained by the attorney for the party who designated

such person.  This order shall bind all parties whether or not an agreement in writing is obtained.

      **8.**     **Discovery From Third Parties.**  When documents, testimony, or other material is sought in discovery in this action from a person (including any business entity) who is not a party, any party who has a claim of confidentiality may designate certain documents or a category of documents, and certain testimony, as Attorneys Only Information or Confidential Information under this order, and the person from whom discovery is sought may similarly make such a designation.  Documents and material so designated shall be treated under the provisions of this order.  Any and all documents produced in response to a third-party or non-party subpoena issued by one party shall be provided to the other party for review and designation of either "Confidential Information" or "Attorneys Only Information."

      **9.**     **Protection of Confidential Material.**     No copies of any confidential material shall be made except to the extent necessary for this lawsuit.  All copies of confidential material shall be kept in secure areas at the offices of outside counsel or persons of the kind described in paragraph 3 or in the personal custody and control of such persons.

      The provisions of Section ~~11~~ 9 shall not apply to this Court, its employees or the Court reporters transcribing testimony taken in this action and notarizing officers. ~~The Court, its employees and the Court reporters transcribing testimony taken in this action and notarizing officers shall handle confidential materials pursuant to the provisions of Local Rule 79-5, *et seq.*~~

      **10.**     **Customer Contact.**  The identity and contact information of the customers of the parties to this action are and shall remain confidential.  No party shall initiate contact with the customers of any other party in reliance on any identification or contact information produced in this action, except for the narrow purposes of this litigation or service of process.

      **11.**     **Client Consultation.**  Nothing in this Agreement shall prevent or

otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated unless permitted hereunder, agreed upon by the parties or authorized by the Court.

**12.   Challenging a Designation.**  Any party may challenge at any time the propriety of a designation of material as Attorneys Only Information or Confidential Information.  Before such a challenge is made, the parties shall attempt to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved on an informal basis, any challenge to the propriety of a designation shall be made pursuant to the provisions of Local Rule 37.  In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted.

**13.   No Admission.**  The designation by a disclosing party of material as Attorneys Only Information or Confidential Information is intended solely to facilitate the preparation and trial of this action.  Such designation is not an admission by any party that the designated disclosure constitutes or contains any confidential material.  Disclosure of confidential material is not a waiver of any right of the producing party to object to admissibility.

**14.   Conclusion of Action.**  Upon the final determination of this action, all documents, transcripts of testimony, discovery responses, and other papers subject to the provisions of this order which the Court deemed confidential material for good cause prior to the commencement of trial, shall be delivered by counsel for the receiving party to counsel for the producing party or it shall be destroyed, and counsel for the receiving party shall certify in writing to the producing party that all such documents have been destroyed.  All copies of summaries, memoranda and notes reflecting the contents or substance of such documents shall either be delivered or

destroyed as described above. The provisions of this or any other order entered in this action restricting the disclosure or use of confidential material shall continue to be binding at the conclusion of this action.

This Order shall not govern in connection with dispositive motions or at trial. If any protection is desired in connection with those proceedings, it shall be sought separately from the judicial officer who will preside over those proceedings.

**IT IS SO ORDERED.**

Date: September 14, 2012

By: _/s/ Ralph Zarefsky_
Honorable Ralph Zarefsky
United States Magistrate Judge

# EXHIBIT A

<u>ACKNOWLEDGMENT CONCERNING MATERIAL
COVERED BY A PROTECTIVE ORDER ENTERED
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA</u>

The undersigned hereby acknowledges that he/she has read the attached Protective Order entered in the United States District Court, Central District of California, in the action entitled *L.A. Printex Industries, Inc. v. Stein Mart, etc., et al.*, Case CV12-02590 ABC (RZx), and understands the terms thereof and agrees to be bound by such terms.

Dated: _____

Signature:_____

Type or print name of individual:_____

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 777 South Figueroa Street, Suite 4900, Los Angeles, California 90017.

On this date, I served the foregoing document(s) described as

<u>LA. PRINTEX v. STEIN MART, INC.</u>
**USDC Case No. CV12-02590 ABC (RZx)**
**[1739.4]**

**[PROPOSED] ORDER GRANTING PARTIES' JOINT STIPULATION FOR PROTECTIVE ORDER**

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope, as follows:

**SERVICE LIST**

| | |
|---|---|
| Stephen M. Doniger | Attorneys for Plaintiff |
| Scott A. Burroughs | L.A. PRINTEX INDUSTRIES, INC. |
| Annie Aboulian | |
| DONIGER & BURROUGHS, APC | |
| 300 Corporate Pointe, Suite 355 | |
| Culver City, California 90230 | |
| Tel: 310-590-1820 | |
| Fax: 310-417-3538 | |
| Email: stephen@donigerlawfirm.com | |
|         scott@donigerlawfirm.com | |
|         annie@donigerlawfirm.com | |

[ ]   **BY MAIL:** By placing a true copy thereof in a sealed envelope and addressed to the parties listed below. I placed such envelope(s) for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

BAUTE CROCHETIERE & WANG LLP
777 S. FIGUEROA STREET, SUITE 4900
LOS ANGELES, CA 90017
TEL: (213) 630-5000

150043.1                                   i
[PROPOSED] ORDER GRANTING PARTIES PROPOSED STIPULATION AND PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | [ ] | **BY HAND DELIVERY/PERSONAL SERVICE:** I caused the foregoing envelope to be delivered by hand. |
| 2 | | |
| 3 | [ ] | **BY FACSIMILE.** On this date, by facsimile transmission to the parties and/or to their attorney(s) of record stated above and/or attached list to their know business facsimile number(s). The document(s) was/were transmitted by facsimile transmission. The transmission was reported as complete and without error. A copy of the transmission report(s) properly issued by one or more of Baute & Tidus LLP's two facsimile machine(s) [telephone number: 213.683.1225 is (are) made a part of this proof of service pursuant to California *Rules of Court* section 2008. |
| 8 | [ ] | **BY E-MAIL.** On this date, by electronic transmission (e-mail) to the parties and/or to their attorney(s) of record stated above and/or attached list to their known e-mail address(es). The document(s) was/were transmitted by electronic transmission. The transmission was reported as complete and without error. |
| 11 | [ ] | **BY OVERNIGHT DELIVERY.** On this date, I placed the Federal Express (or other overnight couriers) package for overnight delivery in a box or location regularly maintained by Federal Express (or other overnight couriers) at my office or I delivered the package to an authorized courier or driver authorized by Federal Express (or other overnight couriers) to receive documents and/or packages. The document(s) was/were placed in a sealed envelope or package designated by Federal Express (or other overnight couriers) with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above/attached list, at the office address(es) as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence. |
| 18 | **[X]** | Filed and served electronically in accordance with the Court's electronic filing ("ECF") rules, pursuant to which registered ECF users receive service copies by e-mail delivery. A courtesy copy will follow by U.S. Mail. |
| 20 | [ ] | **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| 22 | [ ] the | **FEDERAL:** I hereby certify that I am employed in the office of a member of Bar of this Court at whose direction the service was made, and I certify under penalty of perjury that the foregoing is true and correct. |

Executed on September 6, 2012, at Los Angeles, California.

_____*IRMA GOMEZ*_____     _____/S/  IRMA GOMEZ_____
                    *Print Name*                                                                        *Signature*